Mollema v Citigroup, Inc. (2024 NY Slip Op 01281)

Mollema v Citigroup, Inc.

2024 NY Slip Op 01281

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Manzanet-Daniels, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 157126/15 Appeal No. 1832 Case No. 2022-00730 

[*1]William Mollema, Plaintiff,
v
Citigroup, Inc. et al., Defendants.
Citigroup Technology, Inc. et al., Third-Party Plaintiffs-Respondents,
v
Hallen Welding Service Inc., Third-Party Defendant-Appellant.

Litchfield Cavo, LLP, New York (Anthony Broccolo of counsel), for appellant.
Malapero Prisco & Klauber LLP, New York (Tracy L. Frankel of counsel), for respondents.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered July 22, 2021, which, to the extent appealed from as limited by the briefs, denied third-party defendant Hallen Welding Service Inc.'s (Hallen) motion to renew its motion to strike the third-party complaint or, in the alternative, to compel defendant/third-party plaintiff Tishman Construction Corporation of New York (Tishman) to produce a witness with knowledge of the applicable contract and owner controlled insurance program (OCIP) for a deposition, unanimously affirmed, without costs.
Supreme Court properly denied Hallen's motion to renew since Hallen failed to establish a reasonable justification for not bringing its alleged "new facts" to Supreme Court's attention in the original motion (see 225 Fifth Ave. Retail LLC v 225 5th, LLC, 92 AD3d 471, 472 [1st Dept 2012]). The deposition transcript Hallen proffered as the predicate for renewal was from its vice president and an owner, who was available to Hallen for questioning from his execution of the master trade agreement with Tishman through plaintiff's incident, both events having occurred long before the making of Hallen's motion to strike (see Mike v Riverbay Corp., 56 AD3d 357, 358 [1st Dept 2008]).
We have considered Hallen's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024